| | |
|---|---|
| Augustine T., | Case No. 17-cv-5430 (TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Nancy A. Berryhill, *Acting Commissioner of Social Security*, | |
| Defendant. | |

## I.  INTRODUCTION

Plaintiff brings the present action, contesting Defendant Commissioner of Social Security's decisions concerning his disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401–34, and supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 1381. The parties have consented to a final judgment from the undersigned United States Magistrate Judge in accordance with 28 U.S.C. § 636(c) and D. Minn. LR 7.2. This matter is before the Court on Defendant's motion to dismiss. For the reasons below, the Court grants the motion.[1]

## II.  PROCEDURAL AND FACTUAL BACKGROUND

On July 1, 2011, Plaintiff received a fully favorable decision finding him disabled as of May 7, 2010 and awarding him DIB and SSI benefits. (Decl. of Cristina Prelle ¶ 3(a),

---

[1] Plaintiff never responded to Defendant's motion, but the Court looks into the merits of the motion given Plaintiff's *pro se* status.

ECF No. 13; Prelle Decl. Ex. 1). Following the fully favorable decision, Plaintiff's previously-filed request for a hearing was denied as he had taken no further action. (Prelle Decl. ¶ 3(b); Prelle Decl. Exs. 1, 2).

On October 2, 2017, the Social Security Administration ("SSA") sent Plaintiff a letter indicating that his work record was under review for DIB eligibility and that Plaintiff may not eligible for disability payments for April through May 2017, and July 2017 onward. (Prelle Decl. ¶ 3(c); Prelle Decl. Ex. 3). Plaintiff was permitted 10 days to provide further information before the SSA made a decision on the information it already had. (Prelle Decl. Ex. 3). The SSA sent its decision in a letter on October 30, 2017, informing Plaintiff his "disability has ended and that [he is] not entitled to Social Security disability payments for April 2017 through May 2017 and beginning July 2017" because he returned to substantial work. (Prelle Decl. Ex. 4, at 1; Prelle Decl. ¶ 3(d)). Plaintiff was notified that he was overpaid $6,920.00 in benefits because payment did not stop until October 2017, and that each of his children was overpaid $1,150.00. (Prelle Decl. Ex. 4, at 2; Prelle Decl. ¶ 3(d)). Plaintiff and his children were notified that if they disagreed with the decision, appeal could be made within 60 days. (Prelle Decl. Ex. 4, at 2).

On November 13, 2017, Plaintiff filed an application for retirement insurance benefits. (Prelle Decl. ¶ 3(f); Prelle Decl. Ex. 6; ECF No. 2-2, at 10–16).

Plaintiff provided a Request for Reconsideration form dated December 4, 2017. (ECF No. 2-2, at 17). Plaintiff indicated on the form that he is appealing the "overpayment disability payment," noting the SSA "mentioned employers that I never worked for like Hartford Insurance Company." (ECF No. 2-2, at 17). The form is marked as having been

received by the Bloomington, Minnesota SSA office on December 4, 2017. (ECF No. 2-2, at 17).

On December 4, 2017, Plaintiff agreed to pay $94.00 per month from his Social Security check towards the overpaid benefits total. (Prelle Decl. ¶ 3(e); Prelle Decl. Ex. 5).

On December 6, 2017, Plaintiff's application for retirement insurance benefits was approved and he was notified that he was entitled to monthly retirement benefits beginning November 2017, with $1,325.50 payable for November 2017 and $1,352.00 payable from December 2017 onwards. (Prelle Decl. ¶ 3(g); Prelle Decl. Ex. 7, at 1; ECF No. 2-2, at 4–9). Plaintiff was informed that $1,325.00 of his benefits payment was applied to the previous overpayment and the remaining overpayment balance was $5,595.00. (Prelle Decl. ¶ 3(g); Prelle Decl. Ex. 7, at 1). Plaintiff's children were notified that $355.00 of their benefits payment was used toward the previous overpayment, with a remaining balance of $795.00 each. (Prelle Decl. Ex. 7). Plaintiff was notified that if he disagreed with the decision, he could appeal within 60 days. (Prelle Decl. ¶ 3(g); Prelle Decl. Ex. 7, at 2).

On December 12, 2017, Plaintiff was notified the SSA could not pay him the regular monthly benefit. (Prelle Decl. ¶ 3(h); Prelle Decl. Ex. 8). The correspondence noted that Plaintiff would receive $1,165.00 for April 2018 and then $1,035.30 each month thereafter. (Prelle Decl. ¶ 3(h); Prelle Decl. Ex. 8). Plaintiff was notified that he could appeal within 60 days if he disagreed with the decision. (Prelle Decl. ¶ 3(h); Prelle Decl. Ex. 8).

On December 13, 2017, Plaintiff was notified that he would receive $850 in December 2017 and $1,035.30 from January 2018 onwards. (Prelle Decl. ¶ 3(i); Prelle

Decl. Ex. 9). Plaintiff's children were notified they would receive $362.00 in December 2017. (Prelle Decl. ¶ 3(i); Prelle Decl. Ex. 9).

Plaintiff filed his Complaint on December 13, 2017. (Compl., ECF No. 1). Plaintiff argues that he filed an appeal on "Nov. 5th an[d] it was not processed." (Compl., at 2). Plaintiff further argues that he filed a second appeal that was not processed and another appeal on December 4 that was not processed. (Compl., at 2). Plaintiff notes that he then "signed an agreement" to pay a certain monthly amount "for payment of the overpayment and SSA refused to take payment." (Compl., at 2). Plaintiff asserts the "SSA [has] refused to pay" certain moneys. (ECF No. 1-1). Plaintiff requests that Defendant's decision be reversed for an award of benefits. (Compl., at 2).

On December 14, 2017, Plaintiff's payment amounts were updated to reflect his agreement to withhold $94.00 from each payment. (Prelle Decl. ¶ 3(j); Prelle Decl. Ex. 10). Plaintiff would receive $770.10 in December 2017 and $955.40 from January 2018 onwards. (Prelle Decl. ¶ 3(j); Prelle Decl. Ex. 10). The $94.00 withheld was reflected in a deduction in the overpayment balance owed by Plaintiff. (Prelle Decl. ¶ 3(j); Prelle Decl. Ex. 10). Plaintiff's children's payment amounts were updated to reflect an updated withholding amount of $100.00 from each payment. (Prelle Decl. ¶ 3(j); Prelle Decl. Ex. 10). Plaintiff's children would receive $262.00 in December 2017. (Prelle Decl. ¶ 3(j); Prelle Decl. Ex. 10).

On January 1, 2018, Plaintiff was notified he would receive a check for $1,006.70 for benefits through November 2017. (Prelle Decl. ¶ 3(k); Prelle Decl. Ex. 11). Plaintiff was notified that the SSA "ha[s] not finished the work on [his] claim at this time. Because

of this, [the SSA] may be paying [him] too much money." (Prelle Decl. ¶ 3(k); Prelle Decl. Ex. 11).

On February 7, 2018, Plaintiff was notified that $94.00 will be withheld from his payments starting in February 2018 to collect the overpayment balance of $6,413.70. (Prelle Decl. ¶ 3(l); Prelle Decl. Ex. 12). Plaintiff would receive monthly payments of $955.40 from February 2018 onwards. (Prelle Decl. ¶ 3(l); Prelle Decl. Ex. 12). Plaintiff was notified that he had 60 days to appeal the decision if he disagreed. (Prelle Decl. ¶ 3(l); Prelle Decl. Ex. 12).

On April 27, 2018, Defendant moved to dismiss Plaintiff's Complaint for lack of jurisdiction. (ECF No. 10). Defendant argues that because Plaintiff never pursued his administrative appeal rights, this Court lacks jurisdiction for review under 42 U.S.C. § 405(g). (ECF No. 11 *passim*).

## III.   ANALYSIS

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994) (citations omitted). "Sovereign immunity is jurisdictional in nature." *Id.* Because federal courts are courts of limited jurisdiction, the 'threshold requirement in every federal case is jurisdiction.'" *Bradley v. Am. Postal Workers Union, AFL-CIO*, 962 F.2d 800, 802 n.3 (8th Cir. 1992) (quoting *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987)); *Fed. Deposit Ins. Corp.*, 510 U.S. at 475.

Under 42 U.S.C. § 405(g):

Any individual, after **any final decision of the Commissioner of Social Security made after a hearing to which he was a party**, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia.

(emphasis added). Moreover, "[n]o findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided [under this subchapter]." 42 U.S.C. § 405(h); *Sheehan v. Sec'y of Health, Ed. & Welfare*, 593 F.2d 323, 325 (8th Cir. 1979) ("[T]he Supreme Court specifically held that § 405(h) prevents review of the Secretary's decisions except as provided in § 405(g) of the Act.") (citing *Weinerger v. Salfi*, 422 U.S, 749 (1975)). "Thus, 42 U.S.C. § 405(g) provides the exclusive method of judicial review of an administrative decision, and a 'final decision of the [Commissioner] made after a hearing' is a prerequisite for judicial review of the ALJ's decision." *Slycord v. Chater*, 921 F.Supp. 631, 638 (N.D. Iowa 1996) (citing *Califano v. Sanders*, 430 U.S. 99, 106–07 (1977), and *Mathews v. Eldridge*, 424 U.S. 319, 327 (1976)).

In *Mathews*, the Supreme Court explained that the final decision requirement consists of two elements,

only one of which is purely "jurisdictional" in the sense that it cannot be "waived" by the [Commissioner] in a particular case. The waivable element is the requirement that administrative remedies prescribed by the [Commissioner] be exhausted. The nonwaivable element is the requirement that a claim for benefits shall have been presented to the [Commissioner]."

424 U.S. at 328; *Schoolcraft v. Sullivan*, 971 F.2d 81, 84–85 (8th Cir. 1992) ("In order for the district court to have subject matter jurisdiction under section 405(g), a claimant must have presented a claim for benefits to the Secretary and exhausted the administrative remedies prescribed by the Secretary."). The Social Security regulations set forth the process of administrative review and explain a claimant's right to judicial review after he has taken all of the necessary administrative steps. 20 C.F.R. §§ 404.900(a), 416.1400(a). The administrative review process consists of several steps, which usually must be requested within certain time periods and in the following order: (1) initial determination; (2) reconsideration; (3) hearing before an ALJ; and (4) Appeals Council review. 20 C.F.R. §§ 404.900(a), 416.1400(a). When a claimant has completed the steps of the administrative review process, the SSA will have made its final decision subject to judicial review in district court. 20 C.F.R. §§ 404.900(a)(5), 416.1400(a)(5).

Here, the Commissioner of Social Security has not made any final decision following a hearing, a prerequisite for jurisdiction. 42 U.S.C. § 405(g). Accepting as true Plaintiff's allegation that he has attempted to appeal the SSA's decisions regarding the overpayment of benefits, his appeals have not been finalized. It follows that even if Plaintiff has commenced the appeal process with respect to the overpayment of benefits issue, he had not exhausted the appeal process at the time of filing suit because he has yet to bring his disagreement to an administrative law judge or the Appeals Council. Thus, he has not proceeded beyond the second step of the four-step administrative process. 20 C.F.R. §§ 404.900(a), 416.1400(a). Plaintiff's failure to exhaust the administrative review process divests this Court of jurisdiction over his claim. *Schoolcraft*, 971 F.2d at 84–85; 42 U.S.C.

§ 405(h); *cf. Boock v. Shalala*, 48 F.3d 348, 351 (8th Cir. 1995) ("[T]he Secretary's determination of no good cause to extend the period for appeal . . . is not subject to judicial review under § 405(g)"); *Smith v. Heckler*, 761 F.2d 516, 519 (8th Cir. 1985) (Appeals Council's dismissal of plaintiff's untimely request for review was not a final action for purposes of review under section 205(g)).

## IV.    CONCLUSION

Based upon the record, memoranda, and proceedings herein, and for the reasons stated above, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF No. 10), is **GRANTED**. This matter is **DISMISSED FOR LACK OF JURISDICTION**.


**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Date: October 4, 2018                         _____*s/ Tony N. Leung*_____
                                              Tony N. Leung
                                              United States Magistrate Judge
                                              District of Minnesota

                                              *Augustine T. v. Berryhill*
                                              Case No. 17-cv-5430 (TNL)